ALDERMAN, Chief Justice.
Dennis Wayne Smith appeals the trial court’s denial of his motion to vacate his judgment and sentence after remand by this Court to the trial court to consider alleged claims by Smith of violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). After an evi-dentiary hearing, the trial court concluded that no Brady violation occurred in this case. We agree and affirm the order of the trial court.
After we affirmed Smith’s conviction of first-degree murder and his sentence of death,[1] after the Supreme Court denied his petition for writ of certiorari,[2] after the Florida Cabinet denied his request for clemency, and after he was scheduled to be executed on June 3, 1981, Smith filed a motion to vacate his judgment and sentence. He alleged several grounds as bases for relief which are enumerated in Smith v. State, 400 So.2d 956 (Fla.1981). The trial court denied his motion to vacate without an evidentiary hearing and denied his motion for a stay of execution.
Smith appealed to this Court and also filed a petition for habeas corpus and a petition for leave to apply for a writ of error coram nobis. We granted a stay of execution pending disposition of the appeal. With the exception of the alleged Brady violations, we affirmed the trial court’s denial of post-conviction relief, we denied ha-beas corpus, and we denied his request for leave to file a petition for writ of error coram nobis. With regard to the alleged Brady violations, we held that this was a contention that could appropriately be raised in a motion to vacate judgment and that, therefore, the trial court should have considered this claim. Smith v. State, 400 So.2d at 962-63. The trial court had not passed on the merits of the question of whether there was a Brady violation which would require a new trial because it be *147 lieved that this point was inappropriate to a Rule 3.850 proceeding. We remanded this singular issue to the trial court to make its determination guided by the test of materiality announced by the Supreme Court of the United States in United States v. Agurs, 421 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Upon remand, after an evidentiary hearing, the trial court denied Smith’s motion for post-conviction relief and expressly found:
The conclusion is inescapable that the State provided all of the exhibits to the defendant or made the defense aware of the existence of these exhibits. There is absolutely no basis for finding otherwise. Since the undersigned judge is convinced that these exhibits were either made available to the defendant, or the defendant was made aware of their existence, it is not necessary to determine the value to his defense.
In any event, it is the belief of this court that none of the statements were favorable to the defendant. Even the first statement by Wesley Irving Johnson was a clear indication that some unnamed person participated in the subject crimes. It was “child’s play” police work to make the association which implicated the Defendant, Dennis Wayne Smith.
The trial court’s findings are supported by the record, and it correctly denied Smith’s request for post-conviction relief.
Accordingly, the order denying Smith’s motion for post-conviction relief is affirmed.
It is so ordered.
ADKINS, BOYD, OVERTON, SUND-BERG, McDonald and EHRLICH, JJ., concur.

. Smith v. State, 365 So.2d 704 (Fla. 1978).

. Smith v. Florida, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979).